h JOHNSON, J.,
 

 would grant this writ application for the same reasons assigned in her dissent in
 
 State v. Hampton,
 
 98-0331 (La.04/23/99), 750 So.2d 867, 892:
 

 In the case sub judice, this court has affirmed Defendant’s death conviction despite the prosecution’s unconstitutional suppression of evidence favorable to Defendant. In
 
 Brady v. Maryland,
 
 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), the United States Supreme Court held that the “prosecution’s suppression of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution.”
 
 Brady,
 
 373 U.S. at 87, 83 S.Ct. at 1196-97. The facts in Brady are virtually identical to the instant case. Defendants Brady and Boblit were charged with first degree murder while committing a robbery. At trial, Brady admitted participating in the robbery but denied killing the victim. Prior to trial, Brady requested the opportunity to examine Boblit’s extrajudicial statements. The prosecution withheld these statements, including Boblit’s confession to the actual homicide. Brady was subsequently convicted of first degree murder.
 

 In the instant case, Colette Shinber-ger testified to the Grand Jury that Michael Williams, and not Defendant, actually shot the victim, Philip Coleman. The Grand Jury Foreman asked her whether she saw Michael Williams shoot the victim and she answered affirmatively. |2When the prosecutor asked whether she believed that Michael Williams shot the victim she responded “Yeah, I’m sure.” Defendant was never given a copy of Shinberger’s Grand Jury testimony. Although this clearly exculpatory evidence was suppressed, the majority suggests that Defendant was not denied a fair trial. The majority reasons that Shinberger gave two statements to the police in which she stated that she did not know who shot victim. This is of little consequence because Shinberger told the Grand Jury, under oath, that she was sure Michael Williams was the shooter. In fact, she told police in one statement that the only person she saw with a gun was Michael Williams. The prosecution’s failure to provide Defendant with this testimony was an unconstitutional denial of due process.
 

 
 *1242
 
 The exculpatory nature of Shinber-ger’s testimony is bolstered by the fact that Frank Tesnear and Colette Shin-berger are the only two surviving witnesses to the robbery. When the police interviewed Tesnear immediately after the robbery, he stated that the third perpetrator, Elbert Williams, was the actual shooter. Tesnear subsequently requested a second interview with police at which time he changed his opinion and stated that Defendant was the shooter. It is important to note that Tesnear did not actually see anyone shoot the victim. He based his conclusion on the trajectory of bullet holes in the doorway of the store and the relative locations of all three perpetrators.
 

 This unconstitutional suppression of exculpatory evidence requires reversal of Defendant’s conviction and remand for a new trial on the merits.